# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7286 | **DATE** | 9/12/2003 |
| **CASE TITLE** | Ronald A. Madding vs. Officer Donald Thomas, Jr. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, defendants' motion to dismiss for failure to state a claim pursuant to FRCP12(b)(6) is granted in part and denied in part. If plaintiff chooses to proceed with the claims that still stand, he must file an amended complaint in accordance with this opinion by 10/3/2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 15 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 18 |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD A. MADDING, )
)
       Plaintiff, )
) No. 02 C 7286
v. )
) Wayne R. Andersen
OFFICER DONALD THOMAS, JR., #106 ) District Judge
in his individual capacity and in his )
official capacity as an employee of the )
Wilmington Police Department and the )
CITY OF WILMINGTON, ILLINOIS, )
an Illinois municipal corporation and )
body politic, )
)
       Defendants. )

DOCKETED
SEP 1 5 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

In his complaint, plaintiff Ronald Madding asserts a total of five claims. Madding asserts the first three claims against all three defendants: the City of Wilmington, Illinois, Officer Thomas in his official capacity as an employee of the Wilmington Police Department, and Officer Thomas in his individual capacity. All three defendants are charged with the following: 1) false arrest pursuant to Section 1983; 2) excessive force pursuant to Section 1983; and 3) common law malicious prosecution under Illinois law. Plaintiff asserts the following two claims

1 8

solely against Officer Thomas in his individual capacity: 1) common law battery and 2) common law intentional infliction of emotional distress.

Madding alleges that on September 18, 2001, at approximately 11:00 p.m., he engaged in a dispute with a tow truck operator who was planning to tow his son's and his wife's vehicles from his property at 32075 South State, Route 53, Wilmington, IL. When a police officer, Officer Thomas, an employee of the Wilmington Police Department, arrived on the scene, Madding alleges that the officer "struck him about the head and shoulders with his fist and/or other instrumentalities, pushed him to the ground, and sprayed him with mace or pepper spray."

Madding also alleges that not only did Officer Thomas wait approximately 45 minutes before to transporting him to the station, but also that Officer Thomas answered another call despite his complaints of injury. When Madding reached the police station, Officer Thomas charged him with "resisting/obstructing a police officer."

After Madding was released from the station on a bond, his wife took him to the emergency room of Silver Cross Hospital where doctors recommended that he see an opthomologist concerning his eyes. On March 6, 2002, the "resisting/obstructing a police officer" charge against Madding was allegedly dismissed because Officer Thomas did not appear in court.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint.

*Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 (7th Cir. 1996). A court will grant a motion to dismiss only if the plaintiff cannot prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In the instant motion, defendants argue that: 1) claims against Officer Thomas in his official capacity should be dismissed with prejudice because allowing both claims against Officer Thomas in his official capacity and claims against the municipality would effectively permit Madding to sue the City twice for the same alleged violations; 2) the false arrest and excessive force claims should be dismissed with prejudice because Madding has failed to state a claim against the City pursuant to Section 1983; 3) punitive damages claims against the City for the Section 1983 claims should be dismissed because local units of government are immune from punitive damages liability pursuant to Section 1983; and 4) the Illinois common law claims should be dismissed with prejudice because they were not brought within the one-year statute of limitations of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS § 10/8-101.

## I. Claims Against Officer Thomas in his Official Capacity

This Court grants defendants' motion to dismiss with respect to the false arrest, excessive force, and malicious prosecution claims against Officer Thomas in his official capacity. Madding's claims against both Officer Thomas in his official capacity and the City of Wilmington are redundant because suits against municipal agents in their official capacity are, in effect, identical to suits against the municipality. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099 (1985). To allow the plaintiff to sue both the City and its agents would allow the plaintiff to sue the City twice for the same set of allegations. Accordingly, courts have routinely

-3-

dismissed claims against municipal agents in such cases. *See Id.* at 165; *Smith v. Metropolitan School Dist. Perry Tp.*, 128 F.3d 1014, 1021 (7th Cir. 1997); *Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 991 (N.D. Ill. 1998). We therefore grant the defendants' motion to dismiss the claims against Officer Thomas in his official capacity.

## II. Plaintiff's Section 1983 Claim Against the City of Wilmington

This Court denies defendants' motion to dismiss the Section 1983 false arrest and excessive force claims against the City of Wilmington. To state a claim against the City under Section 1983, the plaintiff must allege: 1) an express policy that, when enforced, causes a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute "custom or usage" with the force of law; or 3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).

The flagship Supreme Court case that examined the pleading standard for Section 1983 municipal liability held that the liberal system of "notice pleading" through Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160 (1993). In other words, the pleading standard under Section 1983 is not more demanding than the pleading standard in other kinds of claims for relief. *Id.* at 167; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Federal courts must rely on summary judgment and control of

discovery to "weed out unmeritorious claims sooner rather than later." *Leatherman*, 507 U.S. at 168-169.

In the instant case, Madding alleges custom as the basis for municipal liability under Section 1983. In his complaint, Madding contends that the Wilmington Police Department engaged in a municipal policy, custom or practice of: 1) allowing its officers to use excessive force against citizens; and 2) allowing its officers to arrest citizens without probable cause. Since no heightened pleading standard exists for Section 1983 liability, Madding need not allege other facts or additional police violations at this stage. Defendants' motion to dismiss Section 1983 claims against the City of Wilmington is denied.

## III.     Plaintiff's Section 1983 Claims Against Officer Thomas in his Individual Capacity

This Court denies the motion to dismiss. According to the Seventh Circuit, an official may be individually responsible under Section 1983 if he directs the conduct causing the constitutional deprivation or if the conduct occurs with his knowledge and consent. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Madding alleges that Officer Thomas deprived him of his constitutional rights through the use of excessive force and false arrest. Specifically, the complaint alleges that Officer Thomas attacked Madding and sprayed mace or pepper spray into his eyes for no reason. (Compl. at ¶ 19). Further, the complaint alleges that Officer Thomas falsely charged Madding with restricting/obstructing a police officer. (Compl. at ¶¶ 51 and 53). Because of these allegations of constitutional violations against Officer Thomas, the excessive force and false arrest claims against Officer Thomas in his individual capacity remain.

## IV.     Punitive Damages Claims Against the City Pursuant to Section 1983 Claims

Defendants' motion to dismiss punitive damages claims against the City for Section 1983 claims is granted. An award of punitive damages against a municipality is, in effect, a windfall to a plaintiff at the expense of taxpayers. Therefore, considerations of history and policy do not support punitive damage awards against municipalities for the wrongdoing of an official. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266, 101 S. Ct. 2748 (1981); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1269 (7th Cir. 1984). Accordingly, this Court grants the defendants' motion to dismiss punitive damages against the City of Wilmington because damages of that sort are generally unavailable against a municipality.

## V. Common Law Claims of Battery and Intentional Infliction of Emotional Distress Against Officer Thomas in his Individual Capacity

Allegations of Illinois common law battery and intentional infliction of emotional distress claims against Officer Thomas in his individual capacity are barred by the Local Governmental and Governmental Employees Tort Immunity Act. This statute provides a one year statute of limitations for state law claims against a municipality or its employees. *See* 745 ILCS § 10/8-101. Common law claims of battery and intentional infliction of emotional distress begin to accrue on the date of the misconduct. *See Gudino v. Town of Cicero*, 2003 WL 260707, at * 3 (Jan. 29, 2003). Since the incident occurred on September 18, 2001, and Madding did not file his complaint until more than a year after the incident on October 11, 2002, the claims are time-barred. Therefore, Madding's claims for battery and intentional infliction of emotional distress are dismissed against Officer Thomas in his individual capacity.

## VI. Common Law Claim of Malicious Prosecution Against the City and Officer Thomas in his Individual Capacity

Defendants' motion to dismiss Madding's common law malicious prosecution claim is denied. Although the Local Governmental and Governmental Employee Tort Immunity Act provides a one year statute of limitations for common law claims against a municipality and municipal employees, the date that the statute begins to run for malicious prosecution claims is the date that the claims against the defendant are resolved. *See Watkins v. Brandt*, 1996 WL 450835, at *3 (Aug. 6, 1996). In the instant case, the statute began to run on March 6, 2002, the date that Madding's "resisting/obstructing a police officer" charges were dismissed. (Compl. ¶ 40). Because Madding filed his complaint on October 11, 2002, less than a year after the statutory period began to accrue, defendants' motion to dismiss Madding's common law claims of malicious prosecution against the City of Wilmington and Officer Thomas in his individual capacity is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted in part and denied in part. Defendants' motion to dismiss the Section 1983 false arrest and excessive force claims, along with the common law malicious prosecution claim against Officer Thomas in his official capacity is granted. However, defendants' motion to dismiss the Section 1983 false arrest and excessive force claims, along with the malicious prosecution claim against the City of Wilmington is denied. Likewise, defendants' motion to dismiss the Section 1983 false arrest and excessive force claims against Officer Thomas in his individual capacity is denied. Defendants' motion to dismiss punitive damages claims against the City for Section 1983 violations is granted. Additionally, defendants' motion to dismiss the common law battery and intentional infliction of

emotional distress claims is granted with respect to Officer Thomas in his individual capacity. If Plaintiff chooses to proceed with the claims that still stand, he must file an amended complaint in accordance with this opinion by October 3, 2003.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 12, 2003